In the
United States Court of Appeals
For the Seventh Circuit

No. 99-4101

Jeff Lemon, Karen Meyer, John Duncan,
Odell Williams, Virgil Eiland, Pat Haynes,
Craig Anderson, Shirley Nyman and
Franklin Edmonds,

Plaintiffs-Appellees,

v.

International Union of Operating Engineers,
Local No. 139, AFL-CIO,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 97 C 0857--John W. Reynolds, Judge.

Argued April 12, 2000--Decided June 9, 2000

Before Cudahy, Coffey and Kanne, Circuit Judges.

Kanne, Circuit Judge.  The district court,
deciding class certification in this Title VII
class action without the benefit of Jefferson v.
Ingersoll International Inc., 195 F.3d 894 (7th
Cir. 1999), held that the requested equitable
relief predominated the requested monetary relief
and certified the class under Rule 23(b)(2). We
vacate the district court's certification of the
class under Rule 23(b)(2) because the request for
money damages was not incidental and remand for
further consideration of class certification
under Jefferson and this opinion.

I.  History

   International Union of Operating Engineers Local
139 ("Local 139" or the "Local") represents
heavy-equipment operators in Wisconsin and
administers an employment referral hall through
which its members can find work. Members of Local
139 in search of employment may fill out data
cards listing their qualifications and place
themselves on the referral hall's "out-of-work
list." Contractors seeking heavy-equipment
operators in Wisconsin regularly contact Local
139, and the Local matches those contractors with

members on the out-of-work list qualified to handle the jobs. According to the Local, the referral hall doles out work assignments to registered operators according to their qualifications, geographic proximity and ordinal seniority on the out-of-work list.

The named plaintiffs are members of the Local who sought work through the referral hall and claim that Local 139 intentionally discriminated against them as racial minority members and women by diverting work opportunities to white males. On August 12, 1997, they filed a class-action lawsuit on behalf of all minority and female members of Local 139, alleging that Local 139 violated Title VII of the Civil Rights Act, 42 U.S.C. sec.sec. 2000e to 2000e-17, by operating the referral system in an intentionally discriminatory manner. The plaintiffs sought a jury trial for declaratory and injunctive relief, as well as compensatory and punitive damages. In support of their claim, the plaintiffs planned to introduce testimony from witnesses who observed discriminatory conduct by Local 139 officials. Namely, the plaintiffs intended to offer the testimony of Dale Miller, the current president of the Local, who told the EEOC that the former business manager of the Local, Donald Shaw, was racist and manipulated the referral system to pass over minorities and women. In addition, the plaintiffs promised to adduce statistical evidence demonstrating that the Local's low hiring, placement and referral rates for women and minorities could not have occurred as a result of chance.

On June 1, 1998, the plaintiffs moved under Rules 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure to certify a class of more than 400 minority and female members against whom Local 139 allegedly discriminated in its operation of the referral system. Magistrate Judge Patricia Gorence recommended certification of the class under Rule 23(b)(2) and mentioned in passing that "the plaintiffs [also] have satisfied the criteria of Rule 23(b)(3)." On September 24, 1999, the district court adopted the magistrate's recommendation and certified the class under Rule 23(b)(2) to proceed with its Title VII claims. The court designated Jeff Lemon, Karen Meyer, John Duncan, Odell Williams, Pat Haynes, Craig Anderson, Shirley Nyman and Franklin Edmonds as class representatives. Local 139 then filed an interlocutory appeal to challenge certification of the plaintiff class.

II. Analysis

Rule 23(b)(2) declares that class certification under that subsection is appropriate when "the

party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed. R. Civ. P. 23(b)(2). The Rule itself is silent regarding whether Rule 23(b)(2) certification is permissible when, as in this case, the plaintiffs request monetary damages as well as "final injunctive relief or corresponding declaratory relief." However, the advisory note to Rule 23(b)(2) explains that the subsection "does not extend to cases in which the appropriate final relief relates exclusively or predominantly to money damages." Fed. R. Civ. P. 23(b)(2) advisory committee's note.

As we explained in Jefferson v. Ingersoll International Inc., 195 F.3d 894, 896 (7th Cir. 1999), the problem is that Rule 23(b)(2) provides for binding litigation on all class members without guarantees of personal notice and the opportunity to opt out of the suit. By virtue of its requirement that the plaintiffs seek to redress a common injury properly addressed by a class-wide injunctive or declaratory remedy, Rule 23(b)(2) operates under the presumption that the interests of the class members are cohesive and homogeneous such that the case will not depend on adjudication of facts particular to any subset of the class nor require a remedy that differentiates materially among class members. A suit for money damages, even if the plaintiffs seek uniform, class-wide equitable relief as well, jeopardizes that presumption of cohesion and homogeneity because individual claims for compensatory or punitive damages typically require judicial inquiry into the particularized merits of each individual plaintiff's claim.

Indeed, in recognition of the potential divergence of interests within the class, each class member in actions for money damages is entitled as a matter of due process to personal notice and an opportunity to opt out of the class action. See Ortiz v. Fibreboard Corp., 527 U.S. 815, 119 S.Ct. 2295, 2314-15 (1999). Accordingly, Rule 23(c)(2) guarantees those rights for each member of a class certified under Rule 23(b)(3). See Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 173 (1974); Fed. R. Civ. P. 23(c)(2). However, the Federal Rules of Civil Procedure do not provide comparable procedural guarantees of those rights for a class certified under subsections (b)(1) or (b)(2), and as a result, Rule 23(b)(2) certification does not ensure personal notice or opportunity to opt out even if some or all the plaintiffs pray for monetary damages. The question therefore is whether the district court abused its discretion in certifying a class under

Rule 23(b)(2), without notice or opportunity to opt out, when the plaintiffs sought monetary damages in addition to equitable relief.

In Jefferson, 195 F.3d at 898, we adopted the Fifth Circuit's reasoning on this point from Allison v. Citgo Petroleum Corp., 151 F.3d 402 (5th Cir. 1998). Allison held that "nonequitable monetary relief may be obtained in a class action certified under Rule 23(b)(2) only if the predominant relief sought is injunctive or declaratory," Allison, 151 F.3d at 425, and explained further that certification under Rule 23(b)(2), without notice or opportunity to opt out, is impermissible unless the requested monetary damages are "incidental" to requested injunctive or declaratory relief. Id. at 415. The court defined "incidental" as "damages that flow directly from liability to the class as a whole on the claims forming the basis of the injunctive or declaratory relief." Id. Thus, incidental damages do not depend "in any significant way on the intangible, subjective differences of each class member's circumstances" and do not "require additional hearings to resolve the disparate merits of each individual's case." Id.

Like the Allison plaintiffs, the plaintiffs here sued for both equitable relief and monetary damages to remedy alleged violations of Title VII. Damages can be awarded only after proof of discrimination and injury specific to the individual plaintiff, see, e.g., Miller v. American Family Mut. Ins. Co., 203 F.3d 997, 1005 (7th Cir. 2000), so deciding the damages claims depends on an individualized analysis of each class member's circumstances and requires additional hearings to resolve the disparate merits of each individual's case. See Allison, 151 F.3d at 417. Even if the plaintiffs prove that Local 139 administered the referral hall in a discriminatory manner and won injunctive and declaratory relief on that ground, each individual plaintiff pursuing damages claims still would need to establish that Local 139's discrimination caused her personal injury and would need to show the magnitude of injury to determine compensatory damages. Similarly, to win punitive damages, an individual plaintiff must establish that the defendant possessed a reckless indifference to the plaintiff's federal rights--a fact-specific inquiry into that plaintiff's circumstances. See Kolstad v. American Dental Ass'n, 527 U.S. 526, 119 S.Ct. 2118 (1999). As the Fifth Circuit found in Allison, the requested monetary damages for the plaintiffs' Title VII claims were not incidental to the requested injunctive and declaratory relief. Allison, 151 F.3d at 418; cf. Boughton v. Cotter Corp., 65 F.3d 823, 827 (10th Cir. 1995).

As a result, Jefferson instructs the district court to consider three alternatives for handling the case. Jefferson, 195 F.3d at 898-99. The first option is certifying the class under Rule 23(b)(3) for all proceedings. See id. at 899. Rule 23(b)(3) permits class certification when "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). In this category of lawsuit, the class members may seek either predominantly legal or equitable remedies, but each member must share common questions of law or fact with the rest of the class, therefore making class-wide adjudication of the common questions efficient compared to repetitive individual litigation of the same questions. In contrast to Rule 23(b)(2), however, certification under Rule 23(b)(3) entails mandatory personal notice and opportunity to opt out for all class members, thereby satisfying the due process concerns in Ortiz. See Fed. R. Civ. P. 23(c)(2); see also Jefferson, 195 F.3d at 898.

The second option is divided certification. See Jefferson, 195 F.3d at 898-99; Williams v. Burlington Northern, Inc., 832 F.2d 100, 103 (7th Cir. 1987); see also Eubanks v. Billington, 110 F.3d 87, 96 (D.C. Cir. 1997). The district court could certify a Rule 23(b)(2) class for the portion of the case addressing equitable relief and a Rule 23(b)(3) class for the portion of the case addressing damages. This avoids the due process problems of certifying the entire case under Rule 23(b)(2) by introducing the Rule 23(b)(3) protections of personal notice and opportunity to opt out for the damages claims. Since the Civil Rights Act of 1991 entitles the parties to a jury trial on claims of intentional discrimination, see 42 U.S.C. sec. 1981a, a district court that proceeds with divided certification must adjudicate the damages claims first before a jury to preserve the Seventh Amendment right to a jury trial, even if adjudication of these claims decides the equitable claims as well. See Dairy Queen, Inc. v. Wood, 369 U.S. 469 (1962); Beacon Theatres, Inc. v. Westover, 359 U.S. 500 (1959); Jefferson, 195 F.3d at 898.

The third option discussed in Jefferson is that the district court might certify the class under Rule 23(b)(2) for both monetary and equitable remedies but exercise its plenary authority under Rules 23(d)(2) and 23(d)(5) to provide all class members with personal notice and opportunity to

opt out, as though the class was certified under Rule 23(b)(3). Jefferson, 195 F.3d at 898; see also Thomas v. Albrecht, 139 F.3d 227, 234 (D.C. Cir. 1998); Eubanks, 110 F.3d at 94; County of Suffolk v. Long Island Lighting Co., 907 F.2d 1295, 1304 (2d Cir. 1990); Holmes v. Continental Can Co., 706 F.2d 1144, 1160 (11th Cir. 1983). In fact, a district court handled a class certified under Rule 23(b)(2) much this way in Williams. We affirmed and held that the district court provided opportunities to object that "were tantamount to the protections envisioned by Fed.R.Civ.P. 23(c)(2) [for classes certified under subsection (b)(3)]." Williams, 832 F.2d at 104.

The district court abused its discretion because it did not consider class certification either in part or in full under Rule 23(b)(3), nor did the court stipulate that it would provide the class members with personal notice and opportunity to opt out of the class action. The district court's treatment of the case is understandable because Jefferson had not been decided at the time of the district court's consideration of class certification. However, since the requested monetary damages are not incidental to the plaintiffs' requested equitable relief, we Vacate class certification under Rule 23(b)(2) and Remand with directions to consider alternative class certification under the options presented in this opinion and Jefferson.