# In the
# United States Court of Appeals
## For the Seventh Circuit

———————

No. 04-8022

IN RE:   ALLSTATE INSURANCE COMPANY;
         AGENT TRANSITION SEVERANCE PLAN,

*Petitioners.*

———————

Petition to Appeal from an Order Granting Class
Certification by the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 01 C 1541—**James B. Moran**, *Judge.*

———————

SUBMITTED JANUARY 30, 2005—DECIDED MARCH 8, 2005

———————

Before POSNER, RIPPLE, and SYKES, *Circuit Judges.*

POSNER, *Circuit Judge.*    Allstate petitions us under Fed. R. Civ. P. 23(f) for leave to appeal the district court's decision to certify under Rule 23(b)(2) a class of plaintiffs who allege that Allstate constructively discharged them in order to deprive them of benefits to which ERISA entitled them. We grant the petition (and proceed to decide the merits) because it presents a novel and important issue: whether certification under Rule 23(b)(2) is proper when, though injunctive or declaratory relief is sought rather than damages, individual hearings may be necessary to determine causation and hence liability.

The plaintiffs' complaint, which the district court held states a claim, alleges the following facts: In 1998 Allstate decided to replace its employee insurance agents with independent contractors, and before announcing a severance package for employees who would lose their jobs harassed them, in violation of ERISA § 510, 29 U.S.C. § 1140, so that they would quit before they could take advantage of the severance benefits. It harassed them by extending office hours, imposing burdensome reporting requirements, reducing or eliminating reimbursement for office expenses, and setting unrealistic sales quotas. As a result of the campaign of harassment, between December 1998 and May 1999 176 agents quit outright and 1,106 others quit as employees but became independent contractors. The class seeks a judgment declaring that the members are entitled to the benefits they would have received under Allstate's ERISA plan had they been fired rather than quitting. Armed with the declaration, they will then ask the court to award them those benefits.

A Rule 23(b)(2) class action does not require giving class members notice of the suit and a chance to opt out of it and bring their own, individual suits; a Rule 23(b)(3) class action does. The thinking behind this distinction is that declaratory or injunctive relief will usually have the same effect on all the members of the class as individual suits would. *Lemon v. International Union of Operating Engineers, Local No. 139*, 216 F.3d 577, 580 (7th Cir. 2000); *Jefferson v. Ingersoll International, Inc.*, 195 F.3d 894, 897 (7th Cir. 1999); *Holmes v. Continental Can Co.*, 706 F.2d 1144, 1157 (11th Cir. 1983). For example, were Allstate enjoined from issuing a particular type of insurance policy, there wouldn't be any purpose in allowing individual members of the class to opt out and seek their own injunction. They would all sink or swim together. Indeed, as Judge Friendly explained in *Galvan v. Levine*, 490 F.2d 1255, 1261 (2d Cir. 1973), "insofar as the

relief sought [in a class action] is prohibitory, an action seeking declaratory or injunctive relief . . . is the archetype of one where class action designation is largely a formality, at least for the plaintiffs." In contrast, when damages are sought, it is quite likely that some individual class members will want to sue on their own (provided that the potential damages per class member are substantial) rather than participate in a class-wide award, because they may have greater than average damages.

But this is in general rather than in every case. When the main relief sought is injunctive or declaratory, and the damages are only "incidental," the suit can be maintained under Rule 23(b)(2). *Jefferson v. Ingersoll International Inc.*, *supra*, 195 F.3d at 898; *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 415 (5th Cir. 1998); *Probe v. State Teachers' Retirement System*, 780 F.2d 776, 780 (9th Cir. 1986); see *Berger v. Xerox Corp. Retirement Income Guarantee Plan*, 338 F.3d 755, 763-64 (7th Cir. 2003); *Murray v. Auslander*, 244 F.3d 807, 812 (11th Cir. 2001). The operational meaning of "incidental" damages in this setting is that the computation of damages is mechanical, "without the need for individual calculation," *Manual for Complex Litigation (Fourth)* § 21.221 (2004), so that a separate damages suit by individual class members would be a waste of resources. See *Allison v. Citgo Petroleum Corp.*, *supra*, 151 F.3d at 415. The present case is one of incidental damages because if the plaintiffs get the declaration they are seeking, the benefits to which the ERISA plan entitles them will simply be read off from the plan. Compare *Robinson v. Metro-North Commuter R.R. Co.*, 267 F.3d 147, 163-64 (2d Cir. 2001).

When limited to incidental damages as the cases define the term, the award of damages by a judge does not run afoul of the Seventh Amendment's right to a jury trial in federal civil cases. For when calculation of damages is

mechanical, there is no right to a jury trial because summary judgment would be granted. When, moreover, the basic relief sought in a case is equitable, the judge can award damages in the exercise of his equity powers, and thus without calling in a jury, under the "clean up" doctrine of equity. For the application of this principle to ERISA, see *May Dept. Stores Co. v. Federal Ins. Co.*, 305 F.3d 597, 603 (7th Cir. 2002). The present suit is an ERISA suit.

But just as the presence of a damages claim does not always require insisting that the case proceed under Rule 23(b)(3), so the fact that declaratory or injunctive relief is sought (and no, or only incidental, damages) should not automatically entitle the class to proceed under Rule 23(b)(2). There can be critical differences among class members that are independent of differences in the amount of damages. In this case, the critical difference concerns the circumstances that induced the members of the class to quit their employment with Allstate. One of the named plaintiffs alleges that he was constructively discharged because he was unable to comply with the new office-hour requirements, another because he was harassed by his manager's enforcement of Allstate's new policies, and another because he was forced to attend too many unnecessary meetings. This variance in circumstances doubtless pervades the entire class. Given the size of the class, more than a thousand individual hearings will be necessary in order to determine which members were really forced to quit and which quit voluntarily; only the former are entitled to relief.

This is not to say that the case is unsuitable for class treatment. It may well be highly suitable. A single hearing may be all that's necessary to determine whether Allstate had a policy of forcing its employee agents to quit. This issue could be decided first and then individual hearings conducted to determine which of the members of the class

were actually affected by the policy rather than having decided to quit for their own reasons. Fed. R. Civ. P. 23(c)(4)(A). That would be a more efficient procedure than litigating the class-wide issue of Allstate's policy anew in more than a thousand separate lawsuits. We explained this kind of hybrid procedure in *Carnegie v. Household International, Inc.*, 376 F.3d 656, 661 (7th Cir. 2004), and need not repeat the explanation here. But when, though the suit is for declaratory relief, the effect of the declaration on individual class members will vary with their particular circumstances, they should be given notice of the class action so that they can decide whether they would be better off proceeding individually. *In re Monumental Life Ins. Co.*, 365 F.3d 408, 417 (5th Cir. 2004).

Several cases suggest that it might not be necessary to convert such a proceeding to Rule 23(b)(3) because adequate notice and an opportunity to opt out could be provided within the context of a Rule 23(b)(2) proceeding. See, besides *Monumental*, *Jefferson v. Ingersoll International Inc.*, *supra*, 195 F.3d at 898 ("instead of divided certification—perhaps equivalent to it—the judge could treat a Rule 23(b)(2) class *as if* it were under Rule 23(b)(3), giving notice and an opportunity to opt out on the authority of Rule 23(d)(2)" (emphasis in original)), and *Lemon v. International Union of Operating Engineers, Local No. 139*, *supra*, 216 F.3d at 582 ("the third option discussed in *Jefferson* is that the district court might certify the class under Rule 23(b)(2) for both monetary and equitable remedies but exercise its plenary authority under Rules 23(d)(2) and 23(d)(5) to provide all class members with personal notice and opportunity to opt out, as though the class was certified under Rule 23(b)(3)"). The statement in *Lemon* is dictum, however, and *Jefferson* carefully left open the question whether the procedure we quoted from that opinion is ever proper. See 195 F.3d at 899.

As the quotation from *Lemon* makes clear, such an effort to restructure Rule 23(b)(2) would be complicated and confusing—unnecessarily so, given the ready availability of the 23(b)(3) procedure.

We conclude that this class action should have been certified, if at all, under Rule 23(b)(3) rather than under (b)(2). The certification is therefore VACATED.

A true Copy:

      Teste:

                        _____
                        *Clerk of the United States Court of*
                            *Appeals for the Seventh Circuit*