**Julia LEIB and Lisa Thompson, Individually, and on behalf of all persons similarly situated, Plaintiffs,**

v.

**REX ENERGY OPERATING CORP., a Delaware corporation, and Penntex Resources Illinois, Inc., a Delaware corporation, Defendants.**

No. 06–cv–802–JPG–CJP.

United States District Court, S.D. Illinois.

Feb. 26, 2009.

Aaron W. Rapier, Edward J. Manzke, Shawn M. Collins, Collins Law Firm, Naperville, IL, Norman B. Berger, Anne E. Viner, Michael D. Hayes, Varga Berger Ledsky Hayes & Casey, Chicago, IL, Richard A. Green, Feirich Mager Green Ryan, Carbondale, IL, for Plaintiffs.

Edward Lewis, J. Todd Shields, Jeffrey S. Wolff, Fulbright & Jaworski L.L.P., Houston, TX, Joseph G. Nassif, Kenneth R. Heineman, Adam E. Miller, Erik L. Hansell, Husch Blackwell Sanders LLP, St. Louis, MO, for Defendants.

### *MEMORANDUM AND ORDER*

J. PHIL GILBERT, District Judge.

This matter comes before the Court on the plaintiffs' amended motion for class certification (Doc. 62) and proposed amended class definition (Doc. 82). The defendants have objected to the proposed amendment (Doc. 86) and the plaintiffs have responded to that objection (Doc. 87).

In its original order on the motion for class certification (Doc. 81), the Court reserved ruling on the certification decision to allow the parties to assuage the Court's concerns

that the class definition was too vague as to the geographic and temporal scope of the class and the Class Area. The Court directed the parties to agree upon a revised class definition, but the parties were unable to come to an agreement. Instead, the plaintiffs have proposed the following class definition:

> All persons and non-governmental entities that, at any time since October 17, 2006, have owned property or resided on property within the following geographic boundaries in Bridgeport and Petrolia, Illinois: **Starting at the Northwest Intersection of 1300th Ave. and E. 670th Ave. (in Petrolia)** ● East to E. 700th Ave. ● S to 1090 N. ● East to E. 700th Ave. ● South to CSX Transportation, Inc. Railroad ● East to Park Ave. ● South and continue Southwest along Park Ave. (in Bridgeport) ● East on N. 850th St. ● North on E. 800th Ave./S. Main Street ● East along CSX Transportation, Inc. Railroad ● North on Corporation Line St. ● West on E. State St. / 250 ● North on Judy Ave. ● Cross 50 ● West on 1090 N. ● North on E. 800th Ave. ● West on N. 1250th St. ● North on E. 750th Ave. (in Petrolia) ● West on 1250 N. ● North and Northwest (as the road curves) on E. 725th Ave. ● East briefly on E. 1300th Ave. ● North and continue North up E. 725th Ave. to where it meets E. 700th Ave. ● South down E. 700th Ave. to E. 1300th Ave. ● West on E. 1300th Ave. to arrive at the **Northwest Intersection of 1300th Ave. and E. 670th Ave. (in Petrolia)**

The Court is satisfied with the geographic scope of this revised definition. The properties within the Class Area are clearly identifiable as all properties inside the perimeter objectively described above. The streets and roads described form a precise boundary; those properties on one side of the street or road are within the Class Area, and those on the other side of the street or road are not.

As for the temporal component, the plaintiffs propose the class include all residents and landowners since October 17, 2006, the day this lawsuit was filed. The defendants object because the plaintiffs' expert evidence in support of the Class Area was based on data from 2002. However, the defendants' argument goes again to the merits of the case and whether the Court will find the plaintiffs' expert's testimony admissible, not whether class certification is appropriate. Furthermore, the plaintiffs' expert's testimony and the USEPA materials suggests the pollution continued to affect property in 2006 by residual effects or by the likelihood of repetition, all of which will be examined with the merits of the case.

The Court is concerned with the temporal limitation, however, for another reason. The proposed temporal limitation has the potential to be unmanageable because it is likely to require tracing chains of title for certain properties that have been transferred since October 17, 2006, and assessing damage to property value at the time of each transaction. Exploring such intricacies has the potential to multiply the litigation exponentially, and the Court will not allow that. Furthermore, former property owners have no interest in obtaining injunctive relief, which will only benefit current property owners. Therefore, it is appropriate to limit the class to only current property owners.

In addition, after further review of the Court's prior findings that this putative class action should be limited only to claims for property damage and injunctive relief, the Court finds that mere residents of the Class Area, who have no fee simple ownership interest in real property in the Class Area or in protecting such property from contamination via injunctive relief, should not be included in the class.

The defendants' Seventh Amendment and other jury trial arguments were not raised in their initial briefing on the motion for class certification and are therefore waived. The proposed revisions to the class definition does not add any new aspect to this argument that justifies giving the defendants the proverbial "second bite at the apple." Furthermore, in *Mejdrech v. Met–Coil Systems Corporation*, 319 F.3d 910 (7th Cir.2003), the Seventh Circuit Court of Appeals implicitly approved of the procedures adopted by the Court.

For the foregoing reasons as well as those set forth in the Court's December 19, 2008, order, the Court **GRANTS** the motion for class certification (Doc. 62) and **CERTIFIES** the following class:

> All persons and non-governmental entities that currently own property within the following geographic boundaries in Bridgeport and Petrolia, Illinois:
>
> **Starting at the Northwest Intersection of 1300th Ave. and E. 670th Ave. (in Petrolia)** ● East to E. 700th Ave. ● S to 1090 N. ● East to E. 700th Ave. ● South to CSX Transportation, Inc. Railroad ● East to Park Ave. ● South and continue Southwest along Park Ave. (in Bridgeport) ● East on N. 850th St. ● North on E. 800th Ave./S. Main Street ● East along CSX Transportation, Inc. Railroad ● North on Corporation Line St. ● West on E. State St. / 250 ● North on Judy Ave. ● Cross 50 ● West on 1090 N. ● North on E. 800th Ave. ● West on N. 1250th St. ● North on E. 750th Ave. (in Petrolia) ● West on 1250 N. ● North and Northwest (as the road curves) on E. 725th Ave. ● East briefly on E. 1300th Ave. ● North and continue North up E. 725th Ave. to where it meets E. 700th Ave. ● South down E. 700th Ave. to E. 1300th Ave. ● West on E. 1300th Ave. to arrive at the **Northwest Intersection of 1300th Ave. and E. 670th Ave. (in Petrolia).**

**IT IS SO ORDERED.**