Richard BAUER, Vaughn Frye, Joe Delfosse and Daniel McGill, on behalf of themselves and all others similarly situated, United Food and Commercial Workers Local Union 538, Plaintiffs,

v.

KRAFT FOODS GLOBAL, INC., Defendants.

No. 11–cv–15–bbc.

United States District Court, W.D. Wisconsin.

Feb. 15, 2012.

Douglas J. Phebus, Victor Manuel Arellano, Arellano & Phebus, S.C., Middleton, WI, Joseph Phebus, Phebus & Koester, LLP, Urbana, IL, for Plaintiffs.

Bernard J. Bobber, Caroline Ann Hogan, Foley & Lardner LLP, Milwaukee, WI, for Defendants.

## OPINION and ORDER

BARBARA B. CRABB, District Judge.

In this proposed class action brought under the Employment Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001–1461, and the Labor Management Relations Act, 29 U.S.C. § 185, plaintiffs United Food and Commercial Workers Local Union 538, Richard Bauer, Vaughn Frye, Joe Delfosse and Daniel McGill contend that defendant Kraft Foods Global, Inc. violated ERISA and the collective bargaining agreement between the parties by reducing retiree health insurance benefits.

Now before the court is plaintiffs' amended motion for class certification under Fed. R.Civ.P. 23. Dkt. # 24. Plaintiffs seek certification of a class composed of:

> Former hourly employees employed at Kraft Foods Global, Inc.'s Oscar Mayer Foods Division, Madison, Wisconsin plant whose retirement began on January 1, 2001, through and including retirements beginning on March 1, 2004, and retirees who retired between August 1, 2000 and December 1, 2000, who chose coverage under the Kraft Choice Retiree Medical Plan.

Plts.' Supp. Br., dkt. # 31, at 3.

In an order on January 3, 2012, I instructed plaintiffs to supplement their class certification materials with evidence and arguments relevant to the requirements under Fed.R.Civ.P. 23 for class certification. After reviewing plaintiffs' supplement, I conclude that plaintiffs have satisfied the requirements of Rule 23(a) and that the class may be maintained under Rule 23(b)(3). Therefore, I will grant plaintiffs' amended motion for class certification.

In the January 3, 2012 order, I also directed plaintiffs to explain why United Food and Commercial Workers Local Union 538 should

remain a plaintiff in this case. Plaintiff concedes in its supplemental brief that the union would not be an appropriate class representative because its claims would not be typical of the class. Therefore, I will dismiss the union from the case.

I find the following facts to be undisputed for the purpose of deciding plaintiffs' motion for class certification.

## FACTS

Plaintiffs Richard Bauer, Vaughn Frye, Joe Delfosse and Daniel McGill and members of the proposed class were employed by defendant Kraft Foods Global, Inc. at the Madison, Wisconsin meat processing plant until they retired. They were members of United Foods and Commercial Workers Local 538 and are subject to a collective bargaining agreement between Local 538 and defendant that was active between July 7, 2000 and March 1, 2004. Plaintiffs and class members are also subject to a Memorandum of Agreement that was signed on April 30, 2001 relating to their health benefits under the collective bargaining agreement.

In October or November 2010, defendant sent a notice to retirees announcing changes to the retiree health care plans. This notice announced that defendant was eliminating the Dean Health Plan HMO option beginning January 1, 2011. This change meant that retirees could not continue treatment with their Dean Care physicians. For example, plaintiff Frye cannot receive treatment at the Waunakee Dean Clinic and must find a new physician in Sun Prairie and incur travel costs. Defendant's amendments to the health plan also increased the costs for some prescription drugs.

## OPINION

Plaintiffs contend that defendant's decision to eliminate the Dean Health Plan option and increase prescription drug costs violated ERISA and the Labor Management Relations Act because the changes violated the vested rights of the retirees and breached the collective bargaining agreements between the parties. Plaintiffs seek to certify a class of all retirees who were covered by the Kraft Choice Retiree Medical Plan and who

retired between August 1, 2000 and December 1, 2000, and January 1, 2001 and March 1, 2004. (The parties explain that there were no retirees between December 1, 2000 and January 1, 2001.)

█ Before the court may certify a class, plaintiffs must satisfy the requirements of both Rule 23(a) and (b). *Rosario v. Livaditis*, 963 F.2d 1013, 1017 (7th Cir.1992). First, plaintiffs must show that they may be allowed to sue as a representative party on behalf of others by meeting the four prerequisites laid out in Rule 23(a): (1) numerosity, that "the class is so numerous that joinder of all members is impracticable"; (2) commonality, that "there are questions of law or fact common to the class"; (3) typicality, that "the claims or defenses of the representative parties are typical of the claims or defenses of the class"; and (4) adequacy, that "the representative parties will fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a). Next, plaintiffs must show that the proposed class action "may be maintained" as one of the four types of class actions permitted under Rule 23(b).

█ This court makes an initial assessment whether proposed class representatives have standing and whether the proposed class is "precise, objective and presently ascertainable," an implicit requirement in determining whether a class may be certified. *E.g., Ruppert v. Alliant Energy Cash Balance Pension Plan*, 255 F.R.D. 628, 633 (W.D.Wis.2009); *Blihovde v. St. Croix County*, 219 F.R.D. 607, 616 (W.D.Wis.2003). In this case neither the proposed class representatives' standing nor the ascertainability of the proposed class is in dispute and neither appears to be a problem.

### A. *Numerosity and Commonality*

█ There is little doubt that the proposed class satisfies the numerosity and commonality requirements of Rule 23(a). With respect to numerosity, the parties have stipulated that the proposed class has 311 members. A class of 311 is sufficiently numerous to make joinder impracticable.

■ As for commonality, plaintiff must demonstrate "that the class members 'have suffered the same injury.'" *Wal–Mart Stores, Inc. v. Dukes,* —— U.S. ——, 131 S.Ct. 2541, 2551, 180 L.Ed.2d 374 (2011). Additionally, the common contention "must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.*

■ In this case, the central issues are common to all members of the proposed class, namely, whether defendant violated ERISA and collective bargaining agreements between the parties by amending the retirees' health care benefits to eliminate the Dean Health option and raise prescription costs. These issues are amenable to class-wide resolution and sufficient to establish commonality.

## B. *Typicality and Adequacy*

■ Under the typicality requirement, the focus is whether the representative plaintiffs' claims are based on the same legal theory and arise from the same conduct that gives rise to the claims of the other members of the proposed class. *Rosario,* 963 F.2d at 1018 (citing *De La Fuente v. Stokely–Van Camp, Inc.,* 713 F.2d 225, 232 (7th Cir.1983)). Similarly, "[t]he adequacy inquiry under Rule 23(a)(4) serves to uncover conflicts of interest between named parties and the class they seek to represent." *Amchem Products, Inc. v. Windsor,* 521 U.S. 591, 625, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997). *See also CE Design Ltd. v. King Architectural Metals, Inc.,* 637 F.3d 721, 724 (7th Cir.2011) ("In many cases ... the requirement of typicality merges with the further requirement that the class representative will fairly and adequately protect the interests of the class.") To establish that they will represent the interests of the class fairly and adequately, class representatives must show that their claims are not antagonistic to those of the proposed class or in conflict with them, that they have sufficient interest in the outcome of the case and that they are represented by experienced, competent counsel. *Rosario,* 963 F.2d at 1018.

■ Defendant does not deny that plaintiffs' claims are typical of those of the potential class members; all claims arise from defendant's amendments to the retirees' health care plan. All class members received benefits under the same health plans and were subject to the terms of the same collective bargaining agreement and related memorandum agreement. Additionally, the claims are based on the same legal theory. Finally, defendant does not challenge the adequacy of the named plaintiffs' lawyers, and I conclude that they have the experience and resources to provide representation to the entire class.

## C. *Choosing the Proper Type of Class Action under Rule 23(b)*

Because plaintiffs have shown that the proposed class satisfies the four prerequisites set forth in Rule 23(a), the next question is whether the action may be maintained as one of the types of class actions listed in Rule 23(b). Plaintiffs contend that the class could be maintained under Rule 23(b)(2) or (b)(3). Defendant opposes certification of the amended class under Rule 23(b)(2), but does not oppose certification of the class under Rule 23(b)(3).

### 1. *Rule 23(b)(2)*

■ Rule 23(b)(2) permits certification of a class if "final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." *Jamie S. v. Milwaukee Public Schools,* 668 F.3d 481, 498–99, 2012 WL 336170, *14 (7th Cir. Feb. 3, 2012). The Court of Appeals for the Seventh Circuit has explained that a class action may be maintained under this provision "[w]hen the main relief sought is injunctive or declaratory, and the damages are only 'incidental.'" *In re Allstate Insurance Co.,* 400 F.3d 505, 507 (7th Cir.2005). Damages are incidental where "the computation of damages is mechanical, 'without the need for individual calculation.'" *Id.* (citation and quotation omitted). The injunctive relief must "provide 'final' relief as required by Rule 23(b)(2)," and not "merely lay an evidentiary foundation for subsequent determi-

nations of liability." *Randall v. Rolls–Royce Corp.*, 637 F.3d 818, 825–26 (7th Cir.2011) (holding that employment discrimination class action could not be maintained under Rule 23(b)(2) where calculating damages would require 500 separate hearings).

The Supreme Court's recent decision in *Dukes,* 131 S.Ct. 2541, casts doubt on whether a class action seeking monetary relief may be maintained under Rule 23(b)(2), even if the monetary relief is incidental to declaratory and injunctive relief. The Supreme Court stated that Rule 23(b)(2) "does not authorize class certification when each class member would be entitled to an individualized award of monetary damages" and that "individualized monetary claims belong in Rule 23(b)(3)." *Id.* at 2557–58. However, the Supreme Court chose explicitly not to resolve the issue "whether there are any forms of 'incidental' monetary relief that are consistent with the interpretation of Rule 23(b)(2) we have announced and that comply with the Due Process Clause." *Id.* at 2560.

■ In this case, plaintiffs seek a declaration that defendant violated the collective bargaining agreement and ERISA, an injunction ordering defendant to restore their prior health insurance plans and monetary damages to "make whole all of the Plaintiffs and similarly situated persons for all losses proximately caused by the violation[s], including reimbursement for all out-of-pocket payments resulting from the changes." Plts.' Cpt. at 6–7. According to plaintiffs, these out-of-pocket costs include increased co-pays, deductibles and prescription costs, as well as increased travel expenses for those class members who have to travel farther for medical appointments.

Plaintiffs have not shown that the proposed class may be maintained under Rule 23(b)(2). The monetary relief they seek will require the fact finder to determine whether retirees in the class incurred any damages, and if so, in what amount. As defendant points out, these determinations will necessarily be individualized and depend on such factors as whether the retiree was previously covered under the now discontinued Dean Health Plan HMO option, and, if so, what additional costs the retiree and any covered dependent incurred, taking into consideration the retiree's current coverage, the retiree and dependents' use of the prescription drug coverage, including the numbers of prescriptions purchased at retail or through mail order, and whether and to what extent the retiree's travel expenses have increased as a result of the change.

Plaintiffs did not respond to any of these arguments made by defendant. I conclude that they have failed to show that this case may be certified under Rule 23(b)(2).

### 2. *Rule 23(b)(3)*

Fed.R.Civ.P. 23(b)(3) sets out two additional requirements for class certification, which are often referred to as the predominance and superiority requirements. *Szabo v. Bridgeport Machines, Inc.,* 249 F.3d 672, 676 (7th Cir.2001). Rule 23(b)(3) also provides a non-exhaustive list of four factors to be considered when addressing the predominance and superiority requirements. A court should consider:

(A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action.

Fed.R.Civ.P. 23(b)(3).

■ With respect to predominance, I conclude that questions of law and fact common to class members predominate over any questions affecting individual members only. All class members were subject to the same collective bargaining agreement and health plan. The overriding legal issues are whether defendant's amendment to their health plan violates the class members' rights under ERISA or the Labor Management Relations Act. The only individualized issues apparent at this stage are those related to damages.

■ Finally, a class action is superior to other methods for the adjudication of the proposed class' claims. There is no sugges-

tion that any class member has started separate litigation on these issues or that another forum would be more appropriate. Additionally, there is no suggestion that the proposed class would present manageability or due process concerns. Therefore, class treatment is appropriate. *Szabo,* 249 F.3d at 676; *Mejdrech v. Met–Coil Systems Corp.,* 319 F.3d 910, 911 (7th Cir.2003) ("[C]lass action treatment is appropriate and is permitted by Rule 23 when the judicial economy from consolidation of separate claims outweighs any concern with possible inaccuracies from their being lumped together in a single proceeding for decision by a single judge or jury.").

Plaintiffs have submitted a proposed notice, dkt. # 30, and defendant has notified the court that it is attempting to work out with plaintiffs its disagreements regarding the proposed notice. The parties may have until February 20, 2012 to file a joint proposed notice with the court. If they cannot agree, both parties should provide the court an explanation of their disagreements and respective positions no later than February 20, 2012.

### D. *Appointment of Class Counsel*

█ Under Fed.R.Civ.P. 23(g)(1), a court that certifies a class must appoint class counsel, taking into consideration "the work counsel has done in identifying or investigating potential claims in the action"; "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action"; "counsel's knowledge of the applicable law"; and "the resources that counsel will commit to representing the class." Plaintiffs have shown that their proposed lead class counsel, Douglas J. Phebus and Victor M. Arellano, satisfy the requirements of Rule 23(g). They will be appointed as class counsel.

### ORDER

IT IS ORDERED that

1. The amended motion for certification of a class action under Fed.R.Civ.P. 23 filed by plaintiffs Richard Bauer, Vaughn Frye, Joe Delfosse and Daniel McGill, dkt. # 24, is GRANTED; a class is certified and defined as follows:

Former hourly employees employed at Kraft Foods Global, Inc.'s Oscar Mayer Foods Division, Madison, Wisconsin plant whose retirement began on January 1, 2001, through and including retirements beginning on March 1, 2004, and retirees who retired between August 1, 2000 and December 1, 2000, who chose coverage under the Kraft Choice Retiree Medical Plan.

2. Plaintiff United Food and Commercial Workers Local Union 538 is DISMISSED from the case.

3. Douglas J. Phebus and Victor M. Arellano are appointed class counsel under Fed.R.Civ.P. 23(g).

4. The parties may have until February 20, 2012 in which to consult and file a joint proposed notice with the court. If they cannot agree, both parties should provide the court with an explanation of their disagreements and respective positions on February 20, 2012.