COURT OF APPEALS
DECISION
DATED AND FILED

March 26, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP140**

STATE OF WISCONSIN

Cir. Ct. No. 2022CV303

IN COURT OF APPEALS
DISTRICT II

---

ROBERT GATZKE, THERESA DEUEL, BRYAN SCHOFIELD AND GEOFFREY RICKABY,

    PLAINTIFFS-RESPONDENTS,

  V.

CITY OF WEST BEND, WISCONSIN, MANITOU AMERICA HOLDING, INC. AND PREMARK INTERNATIONAL, LLC,

    DEFENDANTS-APPELLANTS,

US MOTOR AND POWER, INC,

    DEFENDANT.

---

        APPEAL from an order of the circuit court for Washington County: MICHAEL S. KENITZ, Judge. *Reversed and cause remanded*.

        Before Gundrum, P.J., Grogan and Lazar, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.   In this environmental class action case, the City of West Bend, Wisconsin, Manitou America Holding, Inc., and Premark International, LLC, (collectively, "the appellants") appeal from a circuit court order certifying a class against them.  For the reasons that follow, we reverse the order and remand the matter for further proceedings consistent with this opinion.

¶2    The City of West Bend ("the City") is the owner and former operator of the Schuster Drive landfill ("the landfill").  The City operated the landfill from 1964 to 1984.  Because of its age, the landfill does not have an engineered liner designed to prevent hazardous liquids from reaching the groundwater beneath it.

¶3    Manitou America Holding, Inc. and Premark International, LLC, are successors in interest to Gehl Company and the West Bend Company.  Gehl Company and the West Bend Company were accused of dumping hazardous liquids into the landfill during its years of operation.  They later reached settlement agreements with the City.

¶4    Since the early 1980s, the City has taken steps to address groundwater issues caused by hazardous liquids leaking from the landfill.  For example, the City has extended municipal water to residents in the area.  It has also installed wells for monitoring and extracting contaminated groundwater.

¶5    In 2018, the Wisconsin Department of Natural Resources (DNR) recommended studying the risk of vapor intrusion, i.e., the risk of vapors from contaminated groundwater migrating into overlying residences.  A subsequent study confirmed evidence of vapor intrusion in certain residences near the landfill.

The City worked with the DNR to install mitigation systems where needed and informed the public about its efforts. On October 16, 2019, the City held a public meeting on the subject, which was attended by approximately 200 people.

¶6      Robert Gatzke, Theresa Deuel, Bryan Schofield, and Geoffrey Rickaby (collectively, "the respondents") are property owners in the Villa Park neighborhood, which is a residential subdivision near the landfill. On June 10, 2022, they filed this class action lawsuit against the appellants, alleging contamination and property value diminution.[1] After limited discovery, they moved to certify a class consisting of the owners of more than 300 Villa Park properties.

¶7      The respondents' motion for class certification included a report on damages from Dr. Kevin Boyle, a college professor. Dr. Boyle used a hedonic regression model to conclude that all properties in the proposed class area were diminished in value by a uniform 9.2% due to groundwater contamination from the landfill. The respondents also submitted a declaration from geologist Mark Kram, who opined that all properties in the proposed class area are at risk for vapor intrusion. Kram's opinion was supported by a report from hydrogeologist Frank Anastasi.

¶8      The appellants filed a response opposing the respondents' motion. The appellants' response included a report from Dominic Landretti, a certified real estate appraiser. Landretti used data from actual home sales in the Villa Park

---

[1] Prior to filing their lawsuit in this case, the respondents filed lawsuits in both the Dane County circuit court and the federal district court in the Eastern District of Wisconsin. Those lawsuits were later dismissed.

neighborhood to conclude, among other things, that groundwater contamination from the landfill had no negative impact on property values.[2] The appellants' response also included an affidavit from hydrogeologist Leo Linnemanstons. Linnemanstons explained that test data from the Villa Park neighborhood showed that the majority of residences are not at risk for vapor intrusion. This is due, in part, to significant differences in the depth of groundwater across the neighborhood.

¶9 Ultimately, the circuit court granted the respondents' motion and certified "all triable issues" as to the parties. In doing so, the court acknowledged disputes between the parties' experts; however, it made no attempt to resolve them, concluding that the matter was best left for the jury. The court's order included language stating that it was "reserving the right and ability for individual hearings on damages as/if appropriate and if needed pertaining to property value/damage to a specific member or specific property." Finally, one of the certified issues was a claim for injunctive relief (i.e., remediation of landfill contaminants) that did not apply to all of the class members.[3] This interlocutory appeal follows.

¶10 Class actions and the circuit court's decision to certify a class are governed by WIS. STAT. § 803.08 (2023-24).[4] "The statute requires the [moving

---

[2] The data consisted of 46 home sales between October 16, 2019 and the end of 2022. In every case, the property sold for more than Dr. Boyle opined to be its diminished value.

[3] The class members included those who had sold their homes after October 16, 2019 and therefore had no interest in the injunctive relief.

[4] All references to the Wisconsin Statutes are to the 2023-24 version unless otherwise noted.

party] to first establish three facts about the proposed class and the representative—referred to as numerosity, commonality, and typicality—and one fact about the [party's] ability to represent the class." ***Harwood v. Wheaton Franciscan Servs., Inc.***, 2019 WI App 53, ¶23, 388 Wis. 2d 546, 933 N.W.2d 654; § 803.08(1)(a)-(d). In a case such as this, the moving party must also show that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Sec. 803.08(2)(c). These requirements are referred to as predominancy and superiority. ***Harwood***, 388 Wis. 2d 546, ¶24.

¶11     The decision to grant or deny a motion for class certification is committed to the circuit court's discretion. ***Hermanson v. Wal Mart Stores, Inc.***, 2006 WI App 36, ¶3, 290 Wis. 2d 225, 711 N.W.2d 694. A court properly exercises its discretion when "it examines the relevant facts, applies a proper legal standard and, in a rational process, reaches a conclusion that a reasonable judge could reach." ***Cruz v. All Saints Healthcare Sys., Inc.***, 2001 WI App 67, ¶11, 242 Wis. 2d 432, 625 N.W.2d 344.

¶12     Wisconsin courts "look to federal case law for guidance" when reviewing class certification decisions.[5] ***Harwood***, 388 Wis. 2d 546, ¶5. That case law requires courts to conduct a "rigorous analysis" before certifying a class. *See* ***General Tel. Co. of the Sw. v. Falcon***, 457 U.S. 147, 161 (1982). Such rigorous analysis will often "entail some overlap with the merits of the [moving

---

[5] WISCONSIN STAT. § 803.08 was revised to harmonize Wisconsin law with federal class certification standards, *see* S. CT. ORDER 17-03, 2017 WI 108, 378 Wis. 2d xxi (eff. July 1, 2018); 2017 Wis. Act 235, § 8.

party's] underlying claim." ***Wal-Mart Stores, Inc. v. Dukes***, 564 U.S. 338, 351 (2011).

¶13　On appeal, the appellants contend that the circuit court committed multiple errors in certifying the class against them. They argue that the court failed to resolve material factual disputes between the parties' experts and thereby failed to conduct a rigorous analysis. They further maintain that the court's language reserving the right to hold individual hearings on damages is at odds with its decision to certify "all triable issues" and without legal support. Also, they cite the claim for injunctive relief as evidence of an overbroad class.

¶14　The respondents, meanwhile, insist that the circuit court resolved all facts necessary for class certification. Additionally, they note that the court had authority to split the case by certifying a class for some issues but requiring individualized assessments for other issues. Likewise, they note that the court has the ability to revise the class definition if necessary to correct a problem with class size.[6]

¶15　Reviewing the circuit court's decision, we cannot say that it engaged in a rigorous analysis before certifying the class in this case. Again, there were significant disputes between the parties' experts regarding the fact/amount of damages and what residences in the Villa Park neighborhood are at risk for vapor intrusion. The court acknowledged these disputes but made no attempt to resolve

---

[6] The respondents also assert that the appellants have waived their challenge to class size. Waiver is a rule of judicial administration, and a reviewing court may disregard a waiver and address the merits of an unpreserved issue in an appropriate case. ***State ex rel. Universal Processing Servs. of Wis., LLC v. Circuit Ct. of Milwaukee Cnty.***, 2017 WI 26, ¶53, 374 Wis. 2d 26, 892 N.W.2d 267. We elect to do so here so that the issue will not reoccur on remand.

them, even though they related to requirements of commonality, predominancy, and superiority. Instead, the court determined that the matter was best left for the jury.

¶16    The rigorous analysis that must be undertaken in the class certification context applies to experts. *See **Howard v. Cook Cnty. Sheriff's Off.**,* 989 F.3d 587, 601 (7th Cir. 2021). Thus, a "judge may not duck hard questions by observing that each side has some [expert] support…. Tough questions must be faced and squarely decided, if necessary by holding evidentiary hearings and choosing between competing perspectives." ***West v. Prudential Sec., Inc.**,* 282 F.3d 935, 938 (7th Cir. 2002). *See also **In re Hydrogen Peroxide Antitrust Litig.**,* 552 F.3d 305, 324 (3d. Cir. 2008) ("Resolving expert disputes in order to determine whether a class certification requirement has been met is always a task for the court—no matter whether a dispute might appear to implicate the 'credibility' of one or more experts, a matter resembling those usually reserved for a trier of fact.").[7]

¶17    Because the circuit court failed to conduct a rigorous analysis of the parties' experts in this case, we conclude that it erroneously exercised its discretion in certifying the class. *See **Santiago v. City of Chicago**,* 19 F.4th 1010, 1019 (7th Cir. 2021). For that reason alone, we must reverse.

¶18    Even if the circuit court had conducted a rigorous analysis of the parties' experts, there are other problems with its decision. As noted, the court

---

[7] "Rigorous analysis need not be hampered by a concern for avoiding credibility issues [because] findings with respect to class certification do not bind the ultimate fact-finder on the merits." ***In re Hydrogen Peroxide Antitrust Litig.**,* 552 F.3d 305, 324 (3d. Cir. 2008).

certified "all triable issues" but included language reserving the right to hold individual hearings on one of those certified issues (i.e., damages).[8] Also, one of the certified issues was a claim for injunctive relief that did not apply to all of the class members.

¶19    It is true that a court can split a case by certifying a class for some issues but requiring individualized assessments for other issues not certified. *See Mejdrech v. Met-Coil Sys. Corp.*, 319 F.3d 910, 911-12 (7th Cir. 2003) (certifying a class for issues of causation but requiring individual hearings for other issues such as damages, which were not certified).  Likewise, it is true that a court can revise a class definition to remedy an overbroad class. *See Bruzek v. Husky Oil Operations Ltd.*, 520 F.Supp.3d 1079, 1093 (W.D. Wis. 2021).  However, the circuit court did neither of those here.

¶20    On remand, the circuit court shall conduct a rigorous analysis of the parties' experts and make whatever factual and legal inquiries are necessary to ensure that the requirements for class certification are met, even if those considerations overlap with the merits of the respondents' underlying claims. *See American Honda Motor Co. v. Allen*, 600 F.3d 813, 815 (7th Cir. 2010).  If the court finds that the requirements for class certification are met, it must also ensure that any division of issues is proper and that the class is representative of the claims.[9]

---

[8] It is unclear when the circuit court would invoke this right or how the appellants could properly prepare for such hearings without individualized discovery.  The court's qualified reservation of a certified issue appears unworkable and without precedent.

[9] If necessary, the circuit court can create a subclass under WIS. STAT. § 803.08(7) to remedy an overbroad class.

*By the Court.*—Order reversed and cause remanded.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.