COURT OF APPEALS
DECISION
DATED AND FILED

January 24, 2023

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP1441**

STATE OF WISCONSIN

Cir. Ct. No. 2019CV8862

IN COURT OF APPEALS
DISTRICT I

---

BYRON COWAN, JILL PATTERSON, JEFFREY JACKSON, COURTNEY HARMON, DEMI PEREZ, JESSI BILLINGTON AND RAQUEL BONILLA,

PLAINTIFFS-RESPONDENTS,

V.

CAVE ENTERPRISE OPERATIONS, LLC,

DEFENDANT-APPELLANT.

---

APPEAL from an order of the circuit court for Milwaukee County: PEDRO COLON, Judge. *Reversed and remanded for further proceedings*.

Before Brash, C.J., Donald, P.J., and White, J.

¶1 WHITE, J. Cave Enterprises Operations, LLC (Cave) appeals the circuit court order granting class certification on the basis of unlawful deprivation of overtime wages to a class of salaried general managers and assistant general

managers of Burger King restaurants at Wisconsin locations that were owned and operated by Cave. We conclude that the record does not support that the circuit court made adequate factual or credibility findings to support its discretionary decision to grant class certification. Therefore, we reverse the court's order and remand with directions to make sufficient findings of fact and pertinent credibility determinations to support the court's conclusions of law, and then for further proceedings.

## BACKGROUND

¶2      In November 2019, Byron Cowan and Jill Patterson, individually and as representatives of the proposed class, filed an action against Cave. Cowan and Patterson sought to represent salaried general and assistant managers at Wisconsin Burger King restaurants owned and operated by Cave (hereinafter, the BK Managers).[1]  The BK Managers alleged that Cave caused them to work in excess of forty hours a week without overtime compensation, with a majority of their time spent in non-exempt work activities, in violation of Wisconsin law and regulations.

¶3      The BK Managers alleged that Cave was violating Wisconsin's wage and hour statutes and administrative code by not paying overtime pay to employees it classified as managers—in other words, employees exempt from the overtime rules by way of the executive exemption. *See* WIS. STAT. chs. 103, 104,

---

[1]  In February 2020, the BK Managers filed another summons and class action complaint, adding six additional plaintiffs. Later that month, the BK Managers filed a second amended class action complaint and added an additional plaintiff.

and 109 (2019-20);[2] WIS. ADMIN. CODE ch. DWD 274 (April 2018).[3] "This state requires employers to pay non-exempt employees 'time and one-half the regular rate of pay for all hours worked in excess of [forty] hours per week.'" ***Madely v. RadioShack Corp.***, 2007 WI App 244, ¶13, 306 Wis. 2d 312, 742 N.W.2d 559 (quoting WIS. ADMIN. CODE § DWD 274.03). An employee whose primary duties consist of "executive" work is exempt from overtime pay regulations in accordance with WIS. ADMIN. CODE § DWD 274.04. The "executive" exemption provides:

> (a) "Executive" means an employee employed in a bona fide executive capacity who meets the following criteria:
>
> 1. Whose primary duty consists of the management of the enterprise in which they are employed or of a customarily recognized department of subdivision thereof; and
>
> 2. Who customarily and regularly directs the work of 2 or more other employees therein; and
>
> 3. Who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring or firing and as to the advancement and promotion or any other change of status of other employees will be given particular weight; and
>
> 4. Who customarily and regularly exercises discretionary powers; and
>
> 5. Who does not devote more than 20%, or in the case of an employee of a retail or service establishment who does not devote as much as 40%, of their hours of work in the workweek of activities which are not directly and closely related to the performance of the work described in subds. 1. through 4. provided, that this paragraph shall not apply

---

[2] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

[3] All references to WIS. ADMIN. CODE ch. DWD 274 are to the April 2018 version unless otherwise noted.

in the case of an employee who is in sole charge of an independent establishment or a physically separated branch establishment, or who owns at least a 20% interest in the enterprise in which he is employed; and

6. Who is compensated for their services on a salary basis at a rate of not less than $700 per month.

Sec. DWD 274.04(1)(a).

¶4      Further, at issue here, subdivision 5 describes the "sole charge" exception, which provides that parts one through four of the executive exemption do not need to be satisfied if the employee is "in sole charge of an independent establishment or a physically separated branch establishment[.]"  WIS. ADMIN. CODE § DWD 274.04(1)(a)5.  In other words, if an employee is in sole charge of an establishment, the percentage of time the employee spends on non-managerial work is irrelevant to the determination of exempt status under the law.

¶5      In February 2021, the BK Managers filed a motion for class certification.[4]  In support of their complaint and motion for class certification, the BK Managers submitted thirty-six affidavits from current and former managers at Cave-owned and operated Burger King restaurants.  The total proposed class included 207 general managers and 107 assistant general managers.  The BK Managers alleged that the BK Managers regularly worked more than forty hours in a workweek, they spent the majority of their time on non-managerial/non-exempt tasks, they did not have meaningful discretion over their decisions, and they

---

[4] In March 2021, Cave moved for summary judgment; however, the BK Managers filed a motion to hold the summary judgment motion in abeyance pending the decision in the class certification.  After oral argument on the BK Managers' motion, the circuit court granted the motion for abeyance.

completed schedules and labor budgets in accordance with Burger King or Cave directives.

¶6      The court conducted a hearing on the class certification issue in April 2021 and issued a written decision in August 2021. The court concluded that the BK Managers satisfied the four prerequisites for class certification under WIS. STAT. § 803.08: numerosity, commonality, typicality, and adequacy of representation. The court addressed the four prerequisites, while noting that "Cave appear[ed] to concede that the BK Managers satisfied the first four requirements." The court then addressed the predominance and superiority factors, pursuant to § 803.08(2)(c), which required that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

¶7      In its written remarks, the court concluded that the BK Managers satisfied the predominance and superiority requirements:

> After reviewing the parties' submissions, the court finds that common factual allegations and legal theories predominate over any issues affecting only individual putative class members. While some managers may have had more responsibility or discretion than others, any differences would not fundamentally change the BK Managers' primary duties, or whether such duties were legitimately managerial within the meaning of the executive exemption. Whether the BK Managers were assigned duties and responsibilities consistent with their exempt status, and whether they are entitled to compensation for overtime, outweigh any apparent discrepancies in the evidentiary record. In sum, the court finds that common, rather than individual, issues predominate.
>
> ….

In examining superiority, courts are directed to consider four, non-exhaustive factors set forth in WIS. STAT. § 803.08(2)(c). The first factor, which involves the class members' interests in individually controlling the prosecution or defense of separate actions – weighs in favor of certification based on the burden and expense of individual litigation, and the legal and practical difficulty of proving individual claims. As for the second factor, the court is unaware of any pending individual claims. As to the third factor, which focuses on the desirability or undesirability of concentrating the litigation of the claims in this forum, the court is unaware of any valid reason why it would be undesirable to concentrate and streamline the litigation in this forum. In addition, a Milwaukee County court is certainly a desirable forum. Finally, the court perceives no difficulty in managing this class action. Accordingly, the court finds that the BK Managers have satisfied the superiority requirement.

¶8 The court granted the BK Managers motion for class certification. Cave appeals.

## DISCUSSION

¶9 Cave argues that the circuit court erroneously exercised its discretion when it granted class certification to the BK Managers. From the record before us, we are unable to discern the court's "rigorous analysis" in its consideration of the predominance and superiority factors and ultimately, its rationale for granting class certification. See *General Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161 (1982) (holding that a class action certification requires "rigorous analysis" by the circuit court). We conclude that the circuit court's decision was an erroneous exercise of discretion because the court's factual findings are underdeveloped and it has not explained the rationale to support its decision-making. We remand with directions to provide findings of fact and conclusions of law sufficient to demonstrate the court's reasoning.

¶10     The decision whether to grant or deny a motion for class certification is committed to the circuit court's discretion.[5] *Harwood v. Wheaton Franciscan Servs., Inc.*, 2019 WI App 53, ¶41, 388 Wis. 2d 546, 933 N.W.2d 654.  This court "will only reverse the certification decision if the court erroneously exercised its discretion." *Hammetter v. Verisma Sys., Inc.*, 2021 WI App 53, ¶9, 399 Wis. 2d 211, 963 N.W.2d 874, *review denied*, 2022 WI 98.  The circuit court properly exercises its discretion when "it examines the relevant facts, applies a proper legal standard and, in a rational process, reaches a conclusion that a reasonable judge could reach." *Cruz v. All Saints Healthcare Sys., Inc.*, 2001 WI App 67, ¶11, 242 Wis. 2d 432, 625 N.W.2d 344.

¶11     Class actions and the circuit court's decision to certify a class are governed by WIS. STAT. § 803.08.  "The statute requires the plaintiff to first establish three facts about the proposed class and the representative—referred to as numerosity, commonality, and typicality—and one fact about the plaintiff's ability to represent the class." *Harwood*, 388 Wis. 2d 546, ¶23; § 803.08(1)(a)-(d).  It appears to be undisputed that the BK Managers satisfied the four prerequisites to class action and we will discuss those issues no further.

¶12     If the four prerequisites are satisfied, the class action may be maintained if the circuit court finds that one of three types of class actions are satisfied. WIS. STAT. § 803.08(2).  At issue here is paragraph (2)(c): "The court finds that the questions of law or fact common to class members predominate over

---

[5] We note that when the class action statute, WIS. STAT. § 803.08, was revised in 2018, the "rule directed Wisconsin courts to look to federal case law for guidance." *Harwood v. Wheaton Franciscan Servs., Inc.*, 2019 WI App 53, ¶5, 388 Wis. 2d 546, 933 N.W.2d 654. "Federal law likewise commits class certification decisions to the discretion of the district courts." *Id.*, ¶41.

any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." The statute sets forth four matters pertinent to the findings for this type of class action:

> 1. The class members' interests in individually controlling the prosecution or defense of separate actions.
>
> 2. The extent and nature of any litigation concerning the controversy already begun by or against class members.
>
> 3. The desirability or undesirability of concentrating the litigation of the claims in the particular forum.
>
> 4. The likely difficulties in managing a class action.

Sec. 803.08(2)(c)1.-4. Whether the class certification decision comports with the legal standard set forth in § 803.08 is a question of law that this court reviews independently. *Shannon v. Mayo Clinic Health Sys.–Nw. Wis. Region, Inc.*, 2021 WI App 49, ¶13, 398 Wis. 2d 685, 963 N.W.2d 115, *review denied*, 2022 WI 92.

¶13 Although the parties agree on the proper standard of law—namely that the dispute arises over the court's consideration of the predominance and superiority factors, pursuant to WIS. STAT. § 803.08(2)(c)—they disagree on the relevant facts and whether the court demonstrated rational decision-making. *See Cruz*, 242 Wis. 2d 432, ¶11. Cave disputes that the BK Managers have satisfied the predominance and superiority factors in the class certification analysis.[6] Cave

---

[6] We note that Cave did not respond to or refute the BK Managers' arguments that the circuit court properly engaged in the superiority analysis. Generally, arguments unrefuted in the reply brief are considered concessions. *See United Co-op. v. Frontier FS Co-op.*, 2007 WI App 197, ¶39, 304 Wis. 2d 750, 738 N.W.2d 578. While we need not address the merits of this argument, we do not conclude it is settled and direct the circuit court to develop its reasoning as to this factor on remand.

argues that the thirty-six affidavits do not constitute common proof of the alleged violations of the overtime wages law for the potential class of 314 general and assistant managers. Cave asserts that the questions about each manager's duties—whether that manager spent more than forty percent of work time on non-managerial tasks and whether that manager was in "sole charge" of the establishment—are questions of facts that must be answered for each individual manager in order for the BK Managers to establish their claims.

¶14  While the circuit court acknowledged that "the exemption inquiry involves determining the duties performed by each employee," it did not explain how it could resolve the individual inquiry into exemption status for class members without requiring individual testimony by and analysis of each class member and without a work policy setting forth their duties. The court relied upon *Myers v. Hertz Corp.*, 624 F.3d 537 (2d Cir. 2010), in which Hertz made an argument similar to Cave's position that the exemption inquiry is fact-intensive and individual. The circuit court quoted the Second Circuit's holding that the "evidence tending to show that the plaintiffs' jobs were similar in ways material to the establishment of the exemption criteria ... will tend to show that the subsidiary questions involved in resolving exemption will be answerable through evidence generally applicable to the class." *Id.* at 549. However, the circuit court did not analyze the evidence before it to show that a similar analysis could be attained here.

¶15  The BK Managers assert that they provided the circuit court with sufficient evidence to support that the proposed manager class had similar job duties, and that the entirety of the affidavit testimony supports that the managers were performing more then forty percent of non-managerial tasks in their workweeks. The BK Managers argue there was enough evidence to support the

circuit court's discretionary decision. We agree that there is a substantial evidentiary record, but the record does not reflect the court's discussion of the facts it considered relevant and the reasoning behind its decision-making. *See Harwood*, 388 Wis. 2d 546, ¶49 (concluding that a circuit court acted within its discretion to certify a class after "clearly focus[ing] on the facts specific to [that] case and reached conclusions specific to [that] case").

¶16 We note that on remand, additional fact findings are necessary for the court to exercise its discretion properly. When reviewing a motion for class certification, the circuit court is not conducting a "dress rehearsal for the trial on the merits." *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 811 (7th Cir. 2012). Nevertheless, the court may not "assume the truth of the matters as asserted by the plaintiff." *Id.* When confronted by "material factual disputes, the court must 'receive evidence ... and resolve the disputes before deciding whether to certify the class.'" *Id.* (quoting *Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 676 (7th Cir. 2001)). The plaintiff has the burden to prove "by a preponderance of evidence" all evidence necessary to proceed. *Messner*, 669 F.3d at 811.

¶17 During our examination of the record, we noted a non-exhaustive list of factual issues that will need to be resolved before a certification decision is appropriate. These include how the court can resolve the individual inquiry into exemption status for class members and the impact of factual discrepancies in the affidavits and depositions of class members. The circuit court appeared to have relied on corporate policy, but failed to distinguish that Cave has a classification policy, which classified managers as exempt employees, but does not have a work policy, which would set forth how the managers perform their jobs, provide an outline of required or discretionary tasks, or create time requirements for given

tasks. Further, the court's position on the sole charge exception[7] must be explained more clearly. Cave devoted much of its briefing to the applicability of the sole charge exception; however, this court does not engage in fact finding such that we could determine the application of this exception. Resolving this issue is the charge of the circuit court.

¶18 Ultimately, the record leaves this court with unanswered questions about the relevant facts and the circuit court's decision-making process. We cannot conclude that the circuit court properly exercised its discretion when it granted the class certification. As we noted above, a class action certification requires "rigorous analysis." *General Tel. Co. of Sw.*, 457 U.S. at 161. Here, the circuit court must have the parties develop necessary relevant facts to resolve the legal question of the class certification, make pertinent credibility determinations from the relevant facts, and rigorously analyze how those facts apply to the proper standard of law. The court's demonstration of rational decision-making will in turn support a determination that it properly exercised its discretion in reaching a

---

[7] While the BK Managers assert that the court did not impermissibly shift the burden of proof on the "sole charge" exception, Cave points to the court's statement, which does raise concerns about the burden at issue:

> Even if the court were to consider Cave's "sole charge exemption defense," which arguably could operate to bar recovery for the general managers, but not to the assistant managers, Cave has not made a sufficiently clear showing at such an early stage of the proceedings that this unique defense will play a substantial role in the litigation.

We note that a possible defense, such as the "sole charge" exception, which could apply to some class members does not automatically defeat the class certification. *See Hammetter v. Verisma Sys., Inc.*, 2021 WI App 53, ¶27, 399 Wis. 2d 211, 963 N.W.2d 874, *review denied*, 2022 WI 98 (explaining that "the circuit court retains the authority and discretion under WIS. STAT. § 803.08(3)(c) to alter or amend the scope of the certified [c]lass at any time before final judgment, as well as the authority and discretion under § 803.08(7) to divide the [c]lass into subclasses" if discovery merits different considerations).

11

decision on the class certification that a reasonable court could reach. *See **Cruz**,* 242 Wis. 2d 432, ¶11.

## CONCLUSION

¶19    We conclude that we cannot discern the circuit court's reasoning or consideration of relevant facts based on the record before us.  Therefore, we conclude the circuit court erroneously exercised its discretion when it granted class certification to the BK Managers.  We reverse the order and remand with directions to make sufficient findings of fact and pertinent credibility determinations to support the court's conclusions of law, and then for further proceedings.

    *By the Court.*—Order reversed and cause remanded for further proceedings.

    Not recommended for publication in the official reports.