COURT OF APPEALS
DECISION
DATED AND FILED

February 7, 2023

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP1403**

STATE OF WISCONSIN

Cir. Ct. No. 2019CV4641

IN COURT OF APPEALS
DISTRICT I

---

MICHAEL STEHBERGER,

PLAINTIFF-RESPONDENT-CROSS-APPELLANT,

V.

GANNETT PUBLISHING SERVICES, LLC AND JOURNAL SENTINEL, INC.,

DEFENDANTS-APPELLANTS-CROSS-RESPONDENTS.

---

APPEAL and CROSS-APPEAL from an order of the circuit court for Milwaukee County: TIMOTHY M. WITKOWIAK, Judge. *Reversed and remanded for further proceedings*.

Before Donald, P.J., Dugan and White, JJ.

Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).

¶1　PER CURIAM. Gannett Publishing Services, LLC and Journal Sentinel, Inc. (collectively the Journal) appeal from the order granting class certification for the first claim in the first amended complaint brought by Michael Stehberger, who was also certified in that order as the class representative for an opt-out class of newspaper carriers who alleged they were misclassified as independent contractors instead of employees. In Stehberger's first claim, he alleged that the Journal was making unauthorized wage deductions from the carriers' payments for service error complaints, in violation of WIS. STAT. § 103.455 (2019-20).[1] We conclude that the circuit court erroneously exercised its discretion when it granted certification on the first claim without adequately explaining its reasoning based on the evidence in the record, as required by WIS. STAT. § 803.08(11). The record reflects that the certification order failed to include sufficient factual findings and conclusions of law to support the court's decision. We reverse and remand for further proceedings.

¶2　Further, Stehberger cross-appeals the circuit court's decision in the same order to deny certification for his second claim. In Stehberger's second claim, he alleged that a liquidated damages provision in the carriers' contracts was unreasonable and, therefore, constituted an unlawful penalty. Again, we conclude that the circuit court failed to adequately explain its reasoning for denying certification for the second claim. Because we again conclude the circuit court's decision was an erroneous exercise of discretion, we reverse the order entirely and remand for further proceedings.

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

**BACKGROUND**

¶3     In June 2019, Stehberger filed a class action suit against the Journal for unlawful deduction of wages and breach of contract.  Stehberger requested to be named the representative of the class of newspaper carriers who were individual parties to a Home Delivery Agreement with the Journal.  The carriers delivered the Milwaukee Journal Sentinel as well as "other newspapers, publications, and inserts" to Journal customers in Milwaukee and surrounding counties.

¶4     The parties dispute the meaning of the terms of the Agreement, but in essence, each Agreement set identical terms regarding the rights, duties and obligations of the carriers and the Journal.  The carriers had assigned routes and customers.   The Journal followed a liquidated damages provision in the Agreement to offset a "liquidated damages" fee of $2 for each service error complaint from the "negotiated fee rate" of compensation earned by the carriers.  Service error complaints included missed deliveries and wet or damaged publication deliveries.  Stehberger alleged that the carriers were misclassified as independent contractors and should be properly treated as employees.  Stehberger then alleged that the Journal's procedure of deducting $2 as stipulated damages violated WIS. STAT. § 103.455, which prohibits wage deductions for "defective or faulty workmanship, lost or stolen property or damage to property" unless the worker is an independent contractor.

¶5     In October 2020, Stehberger filed an amended complaint to which the Journal responded with a motion to dismiss Stehberger's new claim in the amended complaint.  Stehberger's amended complaint added a claim that the $2 damages fee was an unlawful penalty on the allegation that the fee exceeded any

redelivery costs and was not individually computed for the actual service error cost. Further, Stehberger filed a motion for class certification in November 2020, and the Journal filed a motion opposing class certification in December 2020.

¶6      In April 2021, the circuit court conducted a hearing on the pending motions for and against class certification.[2]  For the first claim for unlawful wage deduction, the court found that Stehberger sufficiently alleged that the proposed class members of carriers were employees, with a basis to raise the WIS. STAT. § 103.455 claim.  The court found commonality in the questions and concluded that the claim could be certified for class action.  For the second claim that the $2 damages fee was unreasonable and consisted of an unlawful and unenforceable penalty, the court denied class certification because it found there was "no commonality" to determine reasonableness on "a class-wide basis[.]"

¶7      In August 2021, the circuit court issued a written order that granted class certification for Stehberger's first claim, certified Stehberger as the class representative, and denied class certification for his second claim.  The Journal appeals granting class certification on the first claim.  Stehberger cross-appeals the denial of class certification on the second claim.

## DISCUSSION

¶8      On appeal, Stehberger and the Journal each argue that the circuit court erred in how it entered the certification order.  The Journal asserts that the

---

[2] The certification hearing began with the Journal's motion to dismiss the second claim that the liquidated damages provision constituted an unlawful penalty.  After oral argument, the court effectively denied the motion to dismiss upon concluding that Stehberger had established standing, sufficiently stated a claim upon which relief may be granted, and that the pleading had not defeated the claim.  This issue is not on appeal.

certification order granting class action for Stehberger's first claim for misclassification and unlawful wage deduction did not include the factual findings and legal conclusions that WIS. STAT. § 803.08(11) requires.[3] Conversely, Stehberger argues that the circuit court erred when it dismissed Stehberger's second claim that the $2 liquidated damages provision in the Agreement constituted an unlawful penalty. We conclude that the court erroneously exercised its discretion in the certification order by not demonstrating rational decision-making based on relevant facts and applicable law. We remand for further proceedings to correctly determine whether certification of each claim is appropriate.

¶9      The decision whether to grant or deny a motion for class certification is committed to the circuit court's discretion.[4] *Harwood v. Wheaton Franciscan Servs., Inc.*, 2019 WI App 53, ¶41, 388 Wis. 2d 546, 933 N.W.2d 654. This court "will only reverse the certification decision if the court erroneously exercised its discretion." *Hammetter v. Verisma Sys., Inc.*, 2021 WI App 53, ¶9, 399 Wis. 2d 211, 963 N.W.2d 874, *review denied* (WI Apr. 13, 2022) (No. 2019AP2423). The circuit court exercises its discretion when "it examines the relevant facts, applies a proper legal standard and, in a rational process, reaches a conclusion that a

---

[3] The Journal also argued that class certification on the first claim failed on the merits. We decline to reach the merits of the first claim because we have concluded that the court's certification order was an erroneous exercise of discretion due to underdeveloped factual findings and unexplained decision-making. *See Barrows v. American Fam. Ins. Co.*, 2014 WI App 11, ¶9, 352 Wis. 2d 436, 842 N.W.2d 508 ("An appellate court need not address every issue raised by the parties when one issue is dispositive.").

[4] We note that when the class action statute, WIS. STAT. § 803.08, was revised in 2018, the "rule directed Wisconsin courts to look to federal case law for guidance." *Harwood v. Wheaton Franciscan Servs., Inc.*, 2019 WI App 53, ¶5, 388 Wis. 2d 546, 933 N.W.2d 654. "Federal law likewise commits class certification decisions to the discretion of the district courts." *Id.*, ¶41.

reasonable judge could reach." ***Cruz v. All Saints Healthcare Sys., Inc.***, 2001 WI App 67, ¶11, 242 Wis. 2d 432, 625 N.W.2d 344.

¶10 Class actions and the circuit court's decision to certify a class are governed by WIS. STAT. § 803.08. "The statute requires the plaintiff to first establish three facts about the proposed class and the representative—referred to as numerosity, commonality, and typicality—and one fact about the plaintiff's ability to represent the class." ***Harwood***, 388 Wis. 2d 546, ¶23; § 803.08(1)(a)-(d). These four facts provide the statutory prerequisites to bring a class action.[5] If the four prerequisites are satisfied, the class action may be maintained if the circuit court finds that one of three types of class actions are satisfied. Sec. 803.08(2). At issue here is paragraph (2)(c): "The court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

¶11 When a party brings an action seeking a class action certification, the court may only certify the action "on the basis of a written decision setting

---

[5] The following four prerequisites must be found by the circuit court for a class action to move forward:

> (a) The class is so numerous that joinder of all members is impracticable.
>
> (b) There are questions of law or fact common to the class.
>
> (c) The claims or defenses of the representative parties are typical of the claims or defenses of the class.
>
> (d) The representative parties will fairly and adequately protect the interests of the class.

WIS. STAT. § 803.08(1)(a)-(d).

forth all reasons why the action may be maintained and describing all evidence in support of the determination." WIS. STAT. § 803.08(11). Whether the class certification decision comports with the legal standard set forth in § 803.08(11) is a question of law that this court reviews independently. *Shannon v. Mayo Clinic Health Sys.–Nw. Wis. Region, Inc.*, 2021 WI App 49, ¶13, 398 Wis. 2d 685, 963 N.W.2d 115, *review denied* (WI Oct. 18, 2021) (No. 2020AP1186).

### I. First claim:  misclassification and unlawful wage deduction

¶12     We return to the record with regard to the first claim.  The circuit court's written order set forth ten reasons why it decided to certify the class on the first claim for misclassification and unlawful wage deduction.  The court found: (1) that the class was ascertainable from the Journal's records; (2) that there were hundreds of proposed class members, making joinder impracticable; (3) that there were common questions of law and fact; (4) that the court could uniformly determine the applicable standard for whether a deduction was authorized by answering questions common to the class; (5) that Stehberger was typical of the class; (6) that Stehberger was an adequate class representative; (7) that damages for class members could be calculated in a manageable way; (8) that it would be manageable to determine whether individual deductions were authorized in writing without an individual inquiry into every proposed class member; (9) that common questions predominate over individual questions; and (10) that the class action was the superior method of adjudication.

¶13     The circuit court must engage in "rigorous analysis" in a certification order, which will often "entail some overlap with the merits of the plaintiff's underlying claim." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011).  However, a class certification motion is not a "license to engage in free-

ranging merits inquiries[;] … [m]erits questions may be considered to the extent—but only to the extent—that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied." *Amgen Inc. v. Connecticut Ret. Plans & Tr. Funds*, 568 U.S. 455, 466 (2013).[6]

¶14     Stehberger contends that the court's written order adequately addressed the requirements of WIS. STAT. § 803.08(11).  However, even when we also consider the court's remarks on the record during the April certification hearing, the court's written order does not reflect discussion of the facts it considered relevant and the reasoning behind its decision-making.  *Cf. Harwood*, 388 Wis. 2d 546, ¶49 (concluding that a circuit court acted within its discretion to certify a class after "clearly focus[ing] on the facts specific to [that] case and reach[ing] conclusions specific to [that] case").  The court's written order referenced the required factors, but its comments are perfunctory.  The court did not rigorously analyze the record and make the substantive findings based on the evidence in the record to support a certification order.

¶15     The Journal makes three arguments about how the court erroneously exercised its discretion when it granted certification to the first claim.  First, the Journal asserts that the court relied upon the wrong standard of law when it referenced during the certification hearing that Stehberger had "pled enough to show some commonality" under WIS. STAT. § 103.455 such that it could not "do anything but certify that portion of class at this point."  In fact, the class action certification statute and federal rule equivalent "does not set forth a mere pleading

---

[6] Federal Rules of Civil Procedure Rule 23 is the federal class action rule generally equivalent to WIS. STAT. § 803.08.  *See Harwood*, 388 Wis. 2d 546, ¶2 & n.4.

standard." ***Wal-Mart Stores, Inc.***, 564 U.S. at 350. The circuit court may not "assume the truth of the matters as asserted by the plaintiff" in its pleadings, but must reach the merits necessary to resolve factual disputes integral to the certification decision. *See **Messner v. Northshore Univ. HealthSystem***, 669 F.3d 802, 811 (7th Cir. 2012).

¶16     Second, the Journal asserts that Stehberger did not satisfy his burden to show the prerequisite factor of commonality because the record does not reflect that there is proof of a specific policy or practice common to all class members that can be proven unlawful without resorting to individual inquiries. The Journal contends that there must not be only common questions but that the class-wide proceedings would generate common answers, with evidence of a top-down policy or practice that could establish liability under Wis. Stat. § 103.455. When confronted by "material factual disputes, the court must 'receive evidence ... and resolve the disputes before deciding whether to certify the class.'" ***Messner***, 669 F.3d at 811 (quoting ***Szabo v. Bridgeport Machs., Inc.***, 249 F.3d 672, 676 (7th Cir. 2001)). To resolve this issue, the circuit court will need to engage in fact finding on the merits to the extent necessary to determine whether commonality and predominance are satisfied. *See **Amgen Inc.***, 568 U.S. at 466.

¶17     Third, the Journal argues that the court's order references the individual Agreements between the carriers and the Journal, as well as the Journal's "exercise of control over individual carriers," but it does not describe how the Agreements could support a class-wide finding of misclassification or identify any specific common evidence of "exercise of control." Further, the Journal asserts that the court concluded, without reference to the record or description of the evidence, that the misclassification issue predominated over any individual inquiries necessary to compute damages. The Journal argues that the

9

court relied upon speculation that future proceedings may limit or better define the class. The Journal asserts that the definition of the class was undefined by the court.

¶18  From the record before us, we are unable to discern a "rigorous analysis" by the circuit court in its consideration of the certification factors, particularly the arguments raised by the Journal about commonality, and ultimately, the court's rationale for granting class certification. *See **Wal-Mart Stores, Inc.**,* 564 U.S. at 351. The court's written order complied with the form of WIS. STAT. § 803.08(11); however, it did not substantively analyze the required issues with a description of the evidence in the record. We conclude that the circuit court's decision was an erroneous exercise of discretion because the court's factual findings are underdeveloped and it has not explained the rationale to support its decision-making. We remand for further proceedings, and if certification is again granted, the court must provide findings of fact and conclusions of law sufficient to demonstrate the court's reasoning.

## II.  *Second claim:  liquidated damages provision as unlawful penalty*

¶19  Turning to the second claim, the parties' dispute centers on whether the "liquidated damages" provision in the Agreement was intended to compensate for all harms arising from a service error complaint or only for redelivery and

customer credit costs.[7]   A liquidated damages provision is enforceable under Wisconsin law, as long as it is found reasonable.  *See **Wassenaar v. Panos***, 111 Wis. 2d 518, 529-31, 33, 331 N.W.2d 357 (1983).   While the "validity of the stipulated damages clause is a question of law," ***Koenings v. Joseph Schlitz Brewing Co.***, 126 Wis. 2d 349, 358, 377 N.W.2d 593 (1985), this court's review begins with whether the circuit court's exercise of discretion to deny the class action certification was erroneous, ***Hammetter***, 399 Wis. 2d 211, ¶9.   A circuit court properly exercises its discretion when it considers the relevant facts in the record under the proper standard of law and reasons its way to a rational, legally sound conclusion.  *See **Harwood***, 388 Wis. 2d 546, ¶41.

¶20   We again review the record.[8]   During the certification hearing, Stehberger argued there were two common questions to answer in the second claim.   First, Stehberger asserted that the court could determine what types of harm the $2 service error fee was intended to compensate.   Second, Stehberger contended that the court could determine the minimum ratio between actual harm

---

[7] We do not reach the merits of the reasonableness of the $2 damage fees; however, we note the terminology on this topic under Wisconsin law.  Our supreme court explained that "the term 'stipulated damages'" refers to the damages provision in "the contract and the term 'liquidated damages' to refer to stipulated damages which a court holds to be reasonable and will enforce." ***Wassenaar v. Panos***, 111 Wis. 2d 518, 521, 331 N.W.2d 357 (1983).  "Penalty clauses are also a subset of stipulated damages clauses and are the type of stipulated damages that a court holds to be unreasonable and unenforceable." ***Equity Enters., Inc. v. Milosch***, 2001 WI App 186, ¶18, 247 Wis. 2d 172, 633 N.W.2d 662.

[8] With regard to the second claim, we first note that because the certification for class action was denied, the court was not bound by WIS. STAT. § 803.08(11) to set forth a written order on its reasoning and description of the relevant evidence.  The court's August 2021 certification order merely mentioned that the class action was denied for the second claim. Instead, we consider the court's remarks in the hearing to review whether its denial of the class action for the second claim was a reasonable exercise of the court's discretion.

from the service error and the $2 damages fee in the Agreement and whether that made the fee unreasonable and thus, an unenforceable penalty.

¶21     Stehberger argued that the court would be able to resolve liability for each and every deduction and that no individual inquiries would predominate over the common questions.  Stehberger admitted that the $2 fee was a reasonable, enforceable liquidated damages provision when it was imposed to compensate the Journal for a redelivery, but he argued it was unreasonable in other situations, such as when a customer is credited for the missed delivery.  The Journal argued that Stehberger was attempting to create a fail-safe class on this claim by proposing to limit it to only those instances where the customer was credited for the service error rather than other harms contemplated by the service error, which could encompass costs including redelivery, customer goodwill and loss of subscription. The Journal argued that it did not have a simple record to provide an answer to the actual costs for each service error, including the costs to the Journal and that only a case by case analysis would provide the actual costs.  Therefore, it argued that individual inquiries would predominate over common questions or answers.

¶22     In its remarks during the certification hearing, the Court found there was "no commonality" in the second claim because there would have to be individual inquiries into whether the service error was appropriate, whether there was written authorization and in what form, and whether the fee was reasonable. It found that it could not answer common questions on "a class-wide basis[.]"

¶23     On appeal, Stehberger argues that the circuit court erroneously prejudged the merits of the liquidated damages issue, considering whether the damages were reasonable instead of whether Stehberger had sufficiently proven the four prerequisite factors, the predominance of common questions, and the

superiority of class action to resolve the case. Stehberger repeatedly argued to the circuit court that it was the common questions and answers that mattered in a certification, not that a common question would be answered in the class members' favor.[9]

¶24     Similar to our review of the first claim, we conclude that the circuit court's exercise of discretion was erroneous when it denied class certification to the second claim. The court failed to describe the relevant facts from the record upon which it relied and it failed to demonstrate rational decision making to reach a conclusion a reasonable court could reach. It failed to set forth a standard of law upon which it based its decision. The court reached opposite conclusions on the first and second claims without providing a meaningful distinction. On remand, the circuit court must have the parties develop necessary relevant facts to resolve legal questions and the court must rigorously analyze how those facts apply to the proper standard of law. The court's demonstration of rational decision-making will in turn support a determination that it properly exercised its discretion in reaching a decision on the class certification that a reasonable court could reach. *See Cruz*, 242 Wis. 2d 432, ¶11. We reverse and we remand for further proceedings.

---

[9] Stehberger relied on the United States Supreme Court holding that while a proposed class action representative "certainly must prove materiality to prevail on the merits, we hold that such proof is not a prerequisite to class certification. Rule 23(b)(3) requires a showing that *questions* common to the class predominate, not that those questions will be answered, on the merits, in favor of the class." *Amgen Inc. v. Connecticut Ret. Plans & Tr. Funds*, 568 U.S. 455, 459 (2013). The Journal contends that Stehberger's reliance is misplaced because there the parties agreed that all applicable class criteria were met except predominance, which is not the situation presented to the circuit court here.

**CONCLUSION**

¶25    For the reasons stated above, we conclude that the circuit court erroneously exercised its discretion in the certification order when it granted certification for the first claim and denied it for the second claim. We remand for further proceedings.

No costs to either party.

*By the Court.*—Order reversed and cause remanded for further proceedings.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.